GARNETT v. GRAY

</div>

PRACTICE IN THE SUPREME COURT: ABSTRACT.

<div align="center">

*Appeal from Linn District Court.*

WEDNESDAY, APRIL 6, 1881.

</div>

ACTION at law to recover for a farm sold the defendant and for money paid at his request. The allegations in the petition were denied and a settlement and counter claim pleaded by the defendant. By consent the cause was referred to James D. Giffin, Esq., who reported to the court his finding of facts and conclusions of law. Exceptions thereto were filed by the defendant, which were overruled and judgment rendered as recommended by the referee. The defendant appeals.

*J. B. Young*, for appellant.

*J. C. Davis*, for appellee.

SEEVERS, J.—I. The errors assigned are: that the court erred in not setting aside the report of the referee, in confirming the same and in rendering judgment against the defendant.

Counsel in argument insist the referee erred in not making a ruling as to the admissibility of certain evidence which was objected to by the defendant.

It is doubtful whether the assignments of error are sufficiently specific to bring before us such question, but conceding they are, then it is essential to determine from the record before us whether any such objections were made. Accompanying the motion to set aside the report of the referee was the affidavit of the defendant in which it was stated in substance such objections were made and the same were to be determined at sometime during the trial, but the referee failed to do so. The court at the time the motion was determined directed the referee to "amend his report by inserting objections of defendant to testimony offered, in accordance with facts." No such amendment was made. Why this was not done we are not advised. Whether the referee was advised of the order and requested to amend his report does not appear. For aught we know the referee determined, notwithstanding the affidavit, no such objections were made. We are, therefore, unable to say from the record before us any objections were made to the admissibility of evidence during the trial before the referee.

II. Under the assignment of errors the only other objection presented by counsel which can be considered is whether the finding of the referee is supported by the evidence, nor can this question, because of the condition of the record, be determined on the merits. The abstract fails to state all the evidence is contained therein, but that "true abstracts" only of the evidence is set out. Counsel for the appellant claim in their argument that the "evidence set forth in this abstract is all the evidence in the case in any manner relating to the signing or execution of these papers." The papers referred to purport to be settlements made by the parties, which, as the defendant claims, included the several matters to recover for which this action was brought.

The referee found "there never has been a settlement of these accounts between the plaintiff and the defendant." The accounts referred to are those set forth in the petition. Under the circumstances above stated we are confined to the consideration of the question whether the finding of the referee as to the settlement should have been set aside by the District Court.

Counsel for appellant insist a settlement cannot be avoided except on the ground of accident, fraud, or mistake. It will be seen the proposition assumes there was a settlement, but the referee found no settlement was made or agreed to, and this is the question we are called upon to determine, and not, if a settlement has been made, upon what grounds it can be avoided.

The report of the referee stands as, and has the force and effect of, a verdict of a jury. There was evidence tending to show that although papers were signed by both parties which purported to be settlements of the matters therein specified, yet the same were not in fact settlements, because the plaintiff did not in fact agree thereto, but retained said papers in his possession for the purpose of examining and determining as to the correctness of the items contained therein. The question before us, under the well settled practice, is not in whose favor there is a preponderance of the evidence, but whether the referee was actuated by passion or predudice, or there was no

evidence upon which his finding can be sustained. It is sufficient to say there was a conflict in the evidence as to whether there was a settlement.

Besides this, the evidence fails to show that the matters mentioned in the petition were included in the supposed settlements.

AFFIRMED.